# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
03/13/2020
CT Log Number 537388827

TO: MARIA BUSTAMANTE, Paralegal-Litigation
UNITED AIRLINES, INC.
609 MAIN STREET, 16TH FLOOR/HSCPZ
HOUSTON, TX 77002-3167

RE: **Process Served in California**

FOR: United Airlines, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JEFFRI BOLTON, PLTF. vs. UNITED AIRLINES, INC., ETC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Notice, Attachment(s) |
| **COURT/AGENCY:** | San Francisco County - Superior Court - San Francisco, CA<br>Case # CGC20583400 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - On 04/29/2019 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/13/2020 at 16:12 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 after this summons and legal papers are served on you |
| **ATTORNEY(S) / SENDER(S):** | JOSEPH M. LOVRETOVICH<br>JML LAW, APC<br>585 Topanga Canyon Boulevard<br>Suite 300<br>Woodland Hils, CA 91367<br>818-610-8800 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/14/2020, Expected Purge Date: 03/19/2020 |
| | Image SOP |
| | Email Notification,  Tom Campuzano  thomas.d.campuzano@united.com |
| | Email Notification,  MARIA BUSTAMANTE  maria.bustamante@united.com |
| | Email Notification,  Paula Hernandez  paula.hernandez01@united.com |
| | Email Notification,  JAVARIA NEAGLE  javaria.neagle@united.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **For Questions:** | 866-331-2303<br>CentralTeam1@wolterskluwer.com |

Page 1 of  1 / PK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

3-13-20 3:00

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

UNITED AIRLINES, INC., a Delaware corporation; DEAN
WHITAKER, an individual; and DOES 1 through 50, inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JEFFRI BOLTON, an individual;

| |
|---|
| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER:
*(Número del Caso):*
CGC-20-583490

SAN FRANCISCO SUPERIOR COURT
400 McAllister St., San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Joseph M. Lovretovich; Eric M. Gruzen; Christina R. Manalo - 5855 Topanga Canyon Boulevard, Suite 300
Woodland Hills, CA 91357   (818) 610-8800

DATE:       **MAR 0 3 2020**        Clerk, by    **JACQUELINE LAPREVOTTE**        , Deputy
*(Fecha)*                           *(Secretario)*                                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* United Airlines Inc a Delaware Corporation

   under: [X] CCP 416.10 (corporation)         [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*

4. [ ] by personal delivery on *(date):*

**SUMMONS**

**JML LAW**
*A PROFESSIONAL LAW CORPORATION*
5855 TOPANGA CANYON BLVD., SUITE 300
WOODLAND HILLS, CALIFORNIA 91367
Tel: (818) 610-8800
Fax: (818) 610-3030

JOSEPH M. LOVRETOVICH, STATE BAR NO. 73403
ERIC M. GRUZEN, STATE BAR NO. 222448
CHRISTINA R. MANALO, STATE BAR NO. 297713

Attorneys for Plaintiff
JEFFRI BOLTON

ENDORSED
F I L E D
San Francisco County Superior Court

MAR 0 3 2020

CLERK OF THE COURT
BY JACQUELINE LA PREVOTTE
Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

JEFFRI BOLTON, an individual;

    Plaintiff

    vs.

UNITED AIRLINES, INC., a Delaware corporation; DEAN WHITAKER, an individual; and DOES 1 through 50, inclusive;

    Defendants

Case No. **CGC-20-583430**

**COMPLAINT FOR:**

1. RETALIATION IN VIOLATION OF CAL. LABOR CODE § 1102.5
2. GENDER (SEX) DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940 *ET SEQ.* [FEHA];
3. RACE DISCRIMINATION IN VIOLATION OF FEHA;
4. HARASSMENT IN VIOLATION OF FEHA;
5. FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF FEHA;
6. RETALIATION IN VIOLATION OF FEHA;
7. WRONGFUL TERMINATION IN VIOLATION OF FEHA; AND
8. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

**DEMAND FOR JURY TRIAL**

AMOUNT DEMANDED EXCEEDS $25,000.00



1

COMPLAINT

Plaintiff, JEFFRI BOLTON, hereby brings her complaint against the above-named

Defendants and states and alleges as follows:

## PRELIMINARY ALLEGATIONS

1.  At all times material herein, Plaintiff, JEFFRI BOLTON (hereinafter referred to as

"Plaintiff") was and is a resident of the State of California, County of Los Angeles.

2.  Plaintiff is informed, believes, and based thereon alleges that Defendant UNITED

AIRLINES, INC., (hereinafter referred to as "UNITED") is a Delaware Corporation, and was at

all times mentioned in this complaint duly licensed to do business, was and is doing business,

under and by virtue of the laws of the State of California, in San Francisco County.

3.  Plaintiff is informed, believes, and based thereon alleges that Defendant DEAN

WHITAKER is an individual and was at all times, residing in the State of California. At all times

mentioned herein, DEAN WHITAKER was Plaintiff's Supervisor during her employment with

UNITED. Plaintiff is informed, believes, and based thereon alleges that at all relevant times

mentioned herein, Defendant WHITAKER was and is a supervisor within the meaning of

California Government Code §§ 12940(j)(1) and 12926(t) in that he had the discretion and

authority to hire, direct, transfer, promote, assign, reward, discipline, adjust the grievances of, or

discharge other employees, or effectively to recommend any of these actions with the use of

independent judgment.

4.  At all times material herein, Plaintiff was employed by UNITED AIRLINES, INC.,

in the State of California, County of San Francisco.

5.  At all times mentioned herein Defendants DOES 1 through 50, and each of them,

were and are the shareholders, and/or directors, and/or officers, and/or agents, and alter egos of

UNITED, and in doing the things herein described, were acting within the scope of their

authority as such shareholders, and/or directors, and/or officers, and/or agents, and alter egos of

Defendant UNITED.

6.  The true names and capacities, whether individual, corporate, associate or otherwise

of DOES 1 through 50 are unknown to Plaintiff who therefore sues these Defendants under said

fictitious names. Plaintiff is informed and believes that each of the Defendants named as a DOE

JML LAW
A Profe...onal Law r...poration
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

1  Defendant is legally responsible in some manner for the events referred to in this complaint,

2  either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or

3  otherwise, for the injuries and damages described below to this Plaintiff.  Plaintiff will in the

4  future seek leave of this court to show the true names and capacities of these DOE Defendants

5  when it has been ascertained.

6       7.  Plaintiff is informed and believes, and based thereon alleges, that each of the

7  fictitiously named Defendants is responsible in some manner for, and proximately caused, the

8  harm and damages alleged herein below.

9       8.  Plaintiff is informed and believes, and based thereon alleges, that each of the

10  Defendants named herein acted as the employee, agent, partner, joint-employer, alter-ego, joint

11  venture, affiliate, and/or co-conspirator with or of each of the other Defendants named herein

12  and, in doing the acts and in carrying out the wrongful conduct alleged herein, each of said

13  Defendants acted within the scope of said relationship and with the permission, consent and

14  ratification of each of the other Defendants named herein.

15       9.  Finally, Employer Defendants are liable for the acts of their employees under the

16  doctrine of *Respondeat Superior* and via conspiracy liability.  Each of the acts described above

17  and further described below under each Cause of Action was perpetrated during the course and

18  scope of employment of the actors, was carried out with knowledge of Defendants, was

19  condoned and ratified, and/or was taken pursuant to an implied agreement by Defendants to

20  deliberately take said actions.

21       10. Hereinafter in the Complaint, unless otherwise specified, reference to a Defendant or

22  Defendants shall refer to all Defendants, and each of them.

23       11. The jurisdiction of this Court is proper for the relief sought herein, and the amount

24  demanded by Plaintiff exceeds $25,000.

25                   **FACTUAL ALLEGATIONS**

26       12. Plaintiff began her employment with UNITED in or about February 2015 as a Flight

27  Attendant.

28       13. Plaintiff is a Black woman.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

14. Throughout her employment with Defendant, United subjected Plaintiff to different terms and conditions of employment on the basis of her sex and race.

15. During her employment, United subjected Plaintiff to different terms and conditions of employment on the basis of her sex and race by selectively enforcing its uniform policy. Plaintiff is informed and believes, and based thereon alleges, that United's uniform policy required women, including Plaintiff, to adhere to a greater burden than male employees.

16. During her employment with United, Defendant United's heel policy required female flight attendants' concourse heels to be at least one inch and no more than 3 inches, while their in-flight heels must have a minimum ¼ inch heel. As a result, Plaintiff and other female flight attendants regularly required two changes of shoes during different phases of a flight in order to comply with the company's heel height policy.  Plaintiff is informed and believes, and based thereon alleges, that male flight attendants were not required to bring an alternative pair of flight shoes or change their shoes several times during a flight under United Airlines' uniform policy.

17. On March 29, 2019, Plaintiff worked on United flight 223 from Washington D.C. to Denver, Colorado in order to retrieve her in-service, flat shoes from a previous flight.  On this flight, Ms. Bolton wore her concourse 3-inch heels until the plane was in flight and after landing.

18. During the in-flight segment of flight 223, Plaintiff wore athletic shoes which at the time were the only alternative footwear she could safely wear in-flight. While Plaintiff waited at the flight deck door to use the lavatory, Managing Director of Global Base Operations Dean Whitaker, dressed in civilian clothes and no visible identification, approached Plaintiff and asked for her name.  Defendant Dean Whitaker is a white male.

19. While standing in close proximity to Plaintiff, Whitaker proceeded to ask her in a hostile manner: "What is your name and why do you have on tennis shoes?"  Whitaker's close physical proximity to Plaintiff and his hostile demeanor in front of United passengers intimidated Plaintiff and caused her to fear for her safety.

20. Whitaker repeated questioning Plaintiff about her shoes.  Plaintiff explained that she was working on this flight to retrieve her in-flight shoes in Denver, which she had inadvertently left on a previous flight.

21. Whitaker then asked Plaintiff where she resides. When Plaintiff informed Whitaker that she is based in San Francisco, Whitaker replied "then you should probably transfer to another base where it's more affordable for you."  Whitaker then proceeded to pull Plaintiff from the flight upon landing.

22. On March 31, 2019, United Airlines withheld Plaintiff from service pending an investigation into her actions during the flight.  United informed Plaintiff that she was being withheld from service due to a uniform infraction.

23. On March 31, 2019, Plaintiff complained in an email to United's Human Resources Director that she was concerned about her safety during Whitaker's confrontation of her, that his conduct constituted an unsafe and hostile work environment, and that she was being discriminated against in light of the company's selective enforcement of company policy.

24. On April 9, 2019, Plaintiff's Supervisor informed Plaintiff and her union representative that United Airlines wants her to "withdraw" her Human Resources complaint. Plaintiff informed Ms. Ware that she would not withdraw her HR complaint.

25. On April 29, 2019, just five weeks after she complained to Human Resources of discrimination and an unsafe work environment, United terminated Plaintiff.  Substantial motivating factors in Plaintiff's termination were retaliatory animus for her protected complaints of discrimination and an unsafe work environment, retaliatory animus due to Plaintiff's refusal to withdraw her Human Resources complaint, Plaintiff's sex, and Plaintiff's race.

26. Plaintiff is informed and based thereon alleges, that Defendant United would not have suspended her from service and would not have terminated her but for her sex and race as a Black woman, her protected complaints of discrimination and an unsafe work environment, and her refusal to withdraw her Human Resources complaint.

27.   Plaintiff timely exhausted her administrative remedies by filing a complaint with the Equal Employment Opportunity Commission ("EEOC") and Department of Fair Housing and Employment ("DFEH") against Defendants on June 5, 2019.  The EEOC issued Plaintiff with a DFEH right-to-sue letter on June 5, 2019.  Plaintiff further exhausted her administrative

JML LAW
A Professional Law Corporation
5455 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

1    remedies with the DFEH by filing a complaint with the DFEH on February 28, 2020.  The DFEH

2    issued Plaintiff with a DFEH right-to-sue letter on February 28, 2020.

3                              **FIRST CAUSE OF ACTION**

4                **VIOLATION OF CALIFORNIA LABOR CODE § 1102.5**

5               **(Against Defendant UNITED AIRLINES and DOES 1 through 50)**

6         28.    Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

7    forth herein.

8         29.    At all times mentioned herein California Labor Code section 1102.5, *et seq.* were in

9    full force and effect and were binding on Defendants and each of them.

10        30.    California Labor Code § 1102.5(a) provides: "An employer, or any person acting on

11   behalf of the employer, shall not make, adopt, or enforce any rule, regulation, or policy

12   preventing an employee from disclosing information to a government or law enforcement

13   agency, to a person with authority over the employee, or to another employee who has authority

14   to investigate, discover, or correct the violation or noncompliance, or from providing information

15   to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the

16   employee has reasonable cause to believe that the information discloses a violation of state or

17   federal statute, or a violation of or noncompliance with a local, state, or federal rule or

18   regulation, regardless of whether disclosing the information is part of the employee's job duties."

19        31.    California Labor Code § 1102.5(b) provides: "An employer, or any person acting on

20   behalf of the employer, shall not retaliate against an employee for disclosing information, or

21   because the employer believes that the employee disclosed or may disclose information, to a

22   government or law enforcement agency, to a person with authority over the employee or another

23   employee who has the authority to investigate, discover, or correct the violation or

24   noncompliance, or for providing information to, or testifying before, any public body conducting

25   an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the

26   information discloses a violation of state or federal statute, or a violation of or noncompliance

27   with a local, state, or federal rule or regulation, regardless of whether disclosing the information

28   is part of the employee's job duties."

COMPLAINT

32.   As set forth above, Plaintiff engaged in protected activity under Labor Code Section 1102.5 when she complained to Defendant United about Defendant United's unsafe work environment, conduct which Plaintiff reasonably believed violated local, state, or federal rules or regulations.  Defendant then retaliated against Plaintiff when Defendant United suspended and wrongfully terminated her.

33.   The retaliatory termination was a proximate cause of Plaintiff's damages as stated herein.

34.   As a proximate result of the aforesaid acts of Defendants and each of them, Plaintiff has lost, and will continue to lose, earnings and benefits and have suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial in excess of the jurisdictional minimum of this court.  Plaintiff claims such amounts as damages together with prejudgment interest pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

35.   As a proximate result of the aforesaid acts of Defendants and each of them, Plaintiff has been mentally upset, distressed, embarrassed, humiliated, and aggravated.  As a result of the acts of retaliation, Plaintiff has suffered harm to her reputation.  Plaintiff claims general damages for such mental and physical distress and aggravation in a sum in excess of the jurisdictional minimum of this court.

36.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Labor Code section 2699(g) and California Code of Civil Procedure section 1021.5.

37.   Plaintiff is informed and believes and based thereon alleges that Defendants had in place policies and procedures that specifically forbid Defendants' managers, officers, and agents from retaliating against employees who engaged in protected activity such as opposing or complaining about Defendants' unlawful activity. Defendants' managers, officers, and/or agents were aware of Defendants' policies and procedures prohibiting retaliating in this manner.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

JML LAW
A Professional Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

1   However, Defendants' managers, officers, and/or agents chose to consciously and willfully

2   ignore said policies and procedures and therefore, their outrageous conduct was fraudulent,

3   malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights

4   and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in,

5   authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff

6   should, therefore, be awarded exemplary and punitive damages against each Defendant in an

7   amount to be established that is appropriate to punish each Defendant and deter others from

8   engaging in such conduct.

9       38.   Furthermore, Plaintiff is informed and believes, and based thereon alleges, that

10  Defendants engaged in a pattern and practice of terminating and/or otherwise retaliating against

11  and harassing employees that complained about or opposed Defendants' unlawful activity.

12  Defendants engaged in this conduct instead of informing whistleblowing employees of their

13  protections under the law and implementing a plan to protect them from retaliation and

14  harassment.

15      39.   The aforementioned willful and outrageous conduct of each Defendant was

16  fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff

17  and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted,

18  participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged

19  above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each

20  Defendant in an amount to be established that is appropriate to punish each Defendant and deter

21  others from engaging in such conduct.

22  **SECOND CAUSE OF ACTION**

23  **GENDER (SEX) DISCRIMINATION IN VIOLATION OF**

24  **CAL GOVT. CODE § 12940 (a) [FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]**

25  **(Against Defendant UNITED AIRLINES and DOES 1 through 50)**

26      40.   Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

27  forth herein.

28

8
COMPLAINT

41.  At all times herein mentioned, FEHA, Government Code §12940 et seq., was in full force and effect and binding on Defendant.  This statute requires Defendant to refrain from discriminating against any employee on the basis of sex (*i.e.*, gender).

42.  During Plaintiff's employment with Defendant UNITED AIRLINES through its agents, managers, supervisors and employees, discriminated against Plaintiff because of her gender (female).  During her employment, United subjected Plaintiff to different terms and conditions of employment on the basis of her sex and race by selectively enforcing its uniform policy. Plaintiff is informed and believes, and based thereon alleges, that United's uniform policy required women, including Plaintiff, to adhere to a greater burden than male employees.

43.  During her employment with United, Defendant United's heel policy required female flight attendants' concourse heels to be at least one inch and no more than 3 inches, while their in-flight heels must have a minimum ¼ inch heel. As a result, Plaintiff and other female flight attendants regularly required two changes of shoes during different phases of a flight in order to comply with the company's heel height policy.  Plaintiff is informed and believes, and based thereon alleges, that male flight attendants were not required to bring an alternative pair of flight shoes or change their shoes several times during a flight under United Airlines' uniform policy.

44.  On March 29, 2019, Plaintiff worked on United flight 223 from Washington D.C. to Denver, Colorado in order to retrieve her in-service, flat shoes from a previous flight.  On this flight, Ms. Bolton wore her concourse 3-inch heels until the plane was in flight and after landing. During the in-flight segment of flight 223, Plaintiff wore athletic shoes which at the time were the only alternative footwear she could safely wear in-flight.  While Plaintiff waited at the flight deck door to use the lavatory, Managing Director of Global Base Operations Dean Whitaker, dressed in civilian clothes and no visible identification, approached Plaintiff and asked for her name. Defendant Dean Whitaker is a white male.  While standing in close proximity to Plaintiff, Whitaker proceeded to ask her in a hostile manner: "What is your name and why do you have on tennis shoes?"  Whitaker's close physical proximity to Plaintiff and his hostile demeanor in front of United passengers intimidated Plaintiff and caused her to fear for her safety.  Whitaker repeated questioning Plaintiff about her shoes.  Plaintiff explained that she was working on this

JML LAW
*A Professional Law Corporation*
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

1 flight to retrieve her in-flight shoes in Denver, which she had inadvertently left on a previous
2 flight.

3     45.   Whitaker then asked Plaintiff where she resides. When Plaintiff informed Whitaker
4 that she is based in San Francisco, Whitaker replied "then you should probably transfer to
5 another base where it's more affordable for you." Whitaker then proceeded to pull Plaintiff from
6 the flight upon landing.

7     46.   On March 31, 2019, United Airlines withheld Plaintiff from service pending an
8 investigation into her actions during the flight. United informed Plaintiff that she was being
9 withheld from service due to a uniform infraction.

10     47.   On March 31st, 2019, Plaintiff complained in an email to United's Human Resources
11 Director that she was concerned about her safety during Whitaker's confrontation of her, that his
12 conduct constituted an unsafe and hostile work environment, and that she was being
13 discriminated against in light of the company's selective enforcement of company policy. On
14 April 9, 2019, Plaintiff's Supervisor informed Plaintiff and her union representative that United
15 Airlines wants her to "withdraw" her Human Resources complaint. Plaintiff informed Ms. Ware
16 that she would not withdraw her HR complaint.

17     48.   On April 29, 2019, just five weeks after she complained to Human Resources of
18 discrimination and an unsafe work environment, United terminated Plaintiff. Substantial
19 motivating factors in Plaintiff's termination were retaliatory animus for her protected complaints
20 of discrimination and an unsafe work environment, retaliatory animus due to Plaintiff's refusal to
21 withdraw her Human Resources complaint, Plaintiff's sex, and Plaintiff's race.

22     49.   As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered
23 actual, consequential and incidental financial losses, including without limitation, loss of salary
24 and benefits, and the intangible loss of employment related opportunities in her field and damage
25 to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff
26 claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or
27 any other provision of law providing for prejudgment interest.

28

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

50.  As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

51.  As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

52.  UNITED AIRLINES had in place policies and procedures that specifically prohibited and required UNITED AIRLINES' managers, officers, and agents to prevent gender (sex) discrimination against and upon employees of UNITED AIRLINES. UNITED AIRLINES' managers, officers, and/or agents were aware of UNITED AIRLINES' policies and procedures requiring UNITED AIRLINES' managers, officers, and agents to prevent, and investigate claims of gender (sex) discrimination against and upon employees of UNITED AIRLINES. Furthermore, Defendant's managers, officers, and agents maintained broad discretionary powers regarding staffing, managing, hiring, firing, contracting, supervising, assessing and establishing of corporate policy and practice in the Defendant's facilities. However, UNITED AIRLINES' managers, officers, and agents chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

//

//

JML LAW
A Professional Law Corporation
5455 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

## THIRD CAUSE OF ACTION

### RACE DISCRIMINATION

### IN VIOLATION OF GOVT. CODE §§ 12940 *ET SEQ.*

### [FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]

### (Against Defendant UNITED AIRLINES and DOES 1 through 50)

53. Plaintiff restates and incorporates by this reference all preceding paragraphs as if fully set forth herein.

54. At all times herein mentioned, California Government Code § 12940 et seq., the Fair Employment and Housing Act ("FEHA"), were in full force and effect and were binding on Defendant and each of them, as Defendant regularly employed five (5) or more persons.

55. California Government Code § 12940(a) requires Defendants to refrain from discriminating against any employee on the basis of race.

56. Defendants subjected Plaintiff to different terms and conditions of employment based on Plaintiff's actual/perceived race, in violation of the FEHA. The acts created an intimidating, oppressive, hostile, offensive and abusive work environment, which altered and impaired Plaintiff's employment and emotional well-being.

57. Plaintiff is a Black woman. During her employment, United subjected Plaintiff to different terms and conditions of employment on the basis of her sex and race by selectively enforcing its uniform policy. Plaintiff is informed and believes, and based thereon alleges, that United's uniform policy required women, including Plaintiff, to adhere to a greater burden than male employees.

58. During her employment with United, Defendant United's heel policy required female flight attendants' concourse heels to be at least one inch and no more than 3 inches, while their in-flight heels must have a minimum ¼ inch heel. As a result, Plaintiff and other female flight attendants regularly required two changes of shoes during different phases of a flight in order to comply with the company's heel height policy. Plaintiff is informed and believes, and based thereon alleges, that male flight attendants were not required to bring an alternative pair of flight shoes or change their shoes several times during a flight under United Airlines' uniform policy.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

59.   On March 29, 2019, Plaintiff worked on United flight 223 from Washington D.C. to Denver, Colorado in order to retrieve her in-service, flat shoes from a previous flight.   On this flight, Ms. Bolton wore her concourse 3-inch heels until the plane was in flight and after landing. During the in-flight segment of flight 223, Plaintiff wore athletic shoes which at the time were the only alternative footwear she could safely wear in-flight.   While Plaintiff waited at the flight deck door to use the lavatory, Managing Director of Global Base Operations Dean Whitaker, dressed in civilian clothes and no visible identification, approached Plaintiff and asked for her name.   Defendant Dean Whitaker is a white male.   While standing in close proximity to Plaintiff, Whitaker proceeded to ask her in a hostile manner: "What is your name and why do you have on tennis shoes?"   Whitaker's close physical proximity to Plaintiff and his hostile demeanor in front of United passengers intimidated Plaintiff and caused her to fear for her safety.   Whitaker repeated questioning Plaintiff about her shoes.   Plaintiff explained that she was working on this flight to retrieve her in-flight shoes in Denver, which she had inadvertently left on a previous flight.

60.   Whitaker then asked Plaintiff where she resides. When Plaintiff informed Whitaker that she is based in San Francisco, Whitaker replied "then you should probably transfer to another base where it's more affordable for you."   Whitaker then proceeded to pull Plaintiff from the flight upon landing.

61.   On March 31, 2019, United Airlines withheld Plaintiff from service pending an investigation into her actions during the flight.   United informed Plaintiff that she was being withheld from service due to a uniform infraction.

62.   On March 31st, 2019, Plaintiff complained in an email to United's Human Resources Director that she was concerned about her safety during Whitaker's confrontation of her, that his conduct constituted an unsafe and hostile work environment, and that she was being discriminated against in light of the company's selective enforcement of company policy. On April 9, 2019, Plaintiff's Supervisor informed Plaintiff and her union representative that United Airlines wants her to "withdraw" her Human Resources complaint.   Plaintiff informed Ms. Ware that she would not withdraw her HR complaint.

63. On April 29, 2019, just five weeks after she complained to Human Resources of discrimination and an unsafe work environment, United terminated Plaintiff. Substantial motivating factors in Plaintiff's termination were retaliatory animus for her protected complaints of discrimination and an unsafe work environment, retaliatory animus due to Plaintiff's refusal to withdraw her Human Resources complaint, Plaintiff's sex, and Plaintiff's race.

64. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

65. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

66. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

67. Defendant United Airlines and its agents ("Employer Defendants") had in place policies and procedures that specifically prohibited discrimination and harassment based on race and required Employer Defendants' managers, officers, and agents to prevent race discrimination against and upon employees of Employer Defendants. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Defendants also had a

JML LAW
A Professional Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 310
Woodland Hills, CA 91367
(818) 610-8800

1  pattern and practice of discriminating against employees on the basis of their race.  Each

2  Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the

3  wrongful conduct alleged above.  Plaintiff should, therefore, be awarded exemplary and punitive

4  damages against each Defendant in an amount to be established that is appropriate to punish each

5  Defendant and deter others from engaging in such conduct in the future.

6  **FOURTH CAUSE OF ACTION**

7  **HARASSMENT ON THE BASIS OF RACE AND SEX/GENDER**

8  **IN VIOLATION OF GOVT. CODE §§ 12940, *ET SEQ.* (FEHA)**

9  **(Against Defendant UNITED AIRLINES, DEAN WHITAKER and DOES 1**

10  **through 50)**

11      68.   Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

12  forth herein.

13      69.   At all times herein mentioned, California Government Code § 12940, *et seq.*, was in

14  full force and effect and was binding on Defendants, as Defendants regularly employed five (5)

15  or more persons.

16      70.   Under the Fair Employment and Housing Act ("FEHA"), Government Code §§

17  12940, *et seq.*, it is an unlawful employment practice for an employer to harass an employee

18  because of an employee's race or gender/sex.

19      71.   The conduct of Defendants, as herein described above, constitutes harassment based

20  on race and gender/sex in violation of California Government Code § 12940(j).  The harassment

21  complained of was sufficiently severe and/or pervasive so as to alter the conditions of Plaintiff's

22  employment and create an abusive working environment.

23      72.   Defendants subjected Plaintiff to different terms and conditions of employment based

24  on Plaintiff's actual/perceived race and sex/gender, in violation of the FEHA. The acts created an

25  intimidating, oppressive, hostile, offensive and abusive work environment, which altered and

26  impaired Plaintiff's employment and emotional well-being.

27      73.   Plaintiff is a Black woman.  During her employment, United subjected Plaintiff to

28  different terms and conditions of employment on the basis of her sex/gender and race by

15
COMPLAINT

1 selectively enforcing its uniform policy. Plaintiff is informed and believes, and based thereon

2 alleges, that United's uniform policy required women, including Plaintiff, to adhere to a greater

3 burden than male employees.

4     74. During her employment with United, Defendant United's heel policy required female

5 flight attendants' concourse heels to be at least one inch and no more than 3 inches, while their

6 in-flight heels must have a minimum ¼ inch heel. As a result, Plaintiff and other female flight

7 attendants regularly required two changes of shoes during different phases of a flight in order to

8 comply with the company's heel height policy. Plaintiff is informed and believes, and based

9 thereon alleges, that male flight attendants were not required to bring an alternative pair of flight

10 shoes or change their shoes several times during a flight under United Airlines' uniform policy.

11     75. On March 29, 2019, Plaintiff worked on United flight 223 from Washington D.C. to

12 Denver, Colorado in order to retrieve her in-service, flat shoes from a previous flight.  On this

13 flight, Ms. Bolton wore her concourse 3-inch heels until the plane was in flight and after landing.

14 During the in-flight segment of flight 223, Plaintiff wore athletic shoes which at the time were

15 the only alternative footwear she could safely wear in-flight.  While Plaintiff waited at the flight

16 deck door to use the lavatory, Managing Director of Global Base Operations Dean Whitaker,

17 dressed in civilian clothes and no visible identification, approached Plaintiff and asked for her

18 name.  Defendant Dean Whitaker is a white male.  While standing in close proximity to Plaintiff,

19 Whitaker proceeded to ask her in a hostile manner: "What is your name and why do you have on

20 tennis shoes?"  Whitaker's close physical proximity to Plaintiff and his hostile demeanor in front

21 of United passengers intimidated Plaintiff and caused her to fear for her safety.  Whitaker

22 repeated questioning Plaintiff about her shoes.  Plaintiff explained that she was working on this

23 flight to retrieve her in-flight shoes in Denver, which she had inadvertently left on a previous

24 flight.

25     76. Whitaker then asked Plaintiff where she resides. When Plaintiff informed Whitaker

26 that she is based in San Francisco, Whitaker replied "then you should probably transfer to

27 another base where it's more affordable for you."  Whitaker then proceeded to pull Plaintiff from

28 the flight upon landing.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

16
COMPLAINT

77.   On March 31, 2019, United Airlines withheld Plaintiff from service pending an investigation into her actions during the flight.  United informed Plaintiff that she was being withheld from service due to a uniform infraction.

78.   On March 31st, 2019, Plaintiff complained in an email to United's Human Resources Director that she was concerned about her safety during Whitaker's confrontation of her, that his conduct constituted an unsafe and hostile work environment, and that she was being discriminated against in light of the company's selective enforcement of company policy. On April 9, 2019, Plaintiff's Supervisor informed Plaintiff and her union representative that United Airlines wants her to "withdraw" her Human Resources complaint.  Plaintiff informed Ms. Ware that she would not withdraw her HR complaint.

79.   On April 29, 2019, just five weeks after she complained to Human Resources of discrimination and an unsafe work environment, United terminated Plaintiff.  Substantial motivating factors in Plaintiff's termination were retaliatory animus for her protected complaints of discrimination and an unsafe work environment, retaliatory animus due to Plaintiff's refusal to withdraw her Human Resources complaint, Plaintiff's sex, and Plaintiff's race.

80.   The above-described acts of discrimination and harassment created an intimidating, oppressive, hostile, offensive and abusive work environment, which altered and impaired the conditions of Plaintiff's employment and Plaintiff's emotional well-being. Defendants' conduct was a concerted pattern of harassment of a repeated, routine and generalized nature.

81.   As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

82.   As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereon

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

1   alleges that she will continue to experience said physical and emotional suffering for a period in

2   the future not presently ascertainable, all in an amount subject to proof at the time of trial.

3       83.   As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to

4   hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to

5   incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys'

6   fees and costs under California Government Code § 12965(b).

7                              **FIFTH CAUSE OF ACTION**

8           **FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT**

9             **IN VIOLATION OF GOVT. CODE §§ 12940, *ET SEQ.* (FEHA)**

10                **(Against Defendant UNITED AIRLINES and DOES 1 through 50)**

11      84.   Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

12   forth herein.

13      85.   At all times mentioned herein, California Government Code Sections 12940, et seq.,

14   including but not limited to Sections 12940 (j) and (k), were in full force and effect and were

15   binding upon Defendants and each of them.  These sections impose on an employer a duty to

16   take immediate and appropriate corrective action to end discrimination and harassment and take

17   all reasonable steps necessary to prevent discrimination from occurring, among other things.

18      86.   Defendants violated Government Code § 12940 (j) and (k) by failing to adequately

19   supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act as

20   described herein.

21      87.   Defendants failed to fulfill their statutory duty to timely take immediate and

22   appropriate corrective action to end the discrimination and harassment and also failed to take all

23   reasonable steps necessary to prevent the harassment and discrimination from occurring.

24      88.   In failing and/or refusing to take immediate and appropriate corrective action to end

25   the discrimination and harassment, and in failing and/or refusing to take and or all reasonable

26   steps necessary to discrimination and harassment from occurring, Defendants violated

27   Government Code § 12940 (j) and (k), causing Plaintiff to suffer damages as set forth above.

28

JML LAW
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

89.  As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

90.  As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

91.  As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under Government Code § 12965(b).

92.  Defendants had in place policies and procedures that specifically prohibited and required Defendants' managers, officers, and agents to prevent race and sex/gender discrimination and harassment based on race and sex/gender against and upon employees of Defendants.  Managers, officers, and/or agents of Defendants were aware of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to prevent, and investigate, race and sex/gender discrimination and/or harassment based on race/sex and gender against and upon employees of Defendants.  However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an

19

COMPLAINT

1  amount to be established that is appropriate to punish each Defendant and deter others from

2  engaging in such conduct.

3                            **SIXTH CAUSE OF ACTION**

4     **RETALIATION IN VIOLATION OF GOVT. CODE §§ 12940, *ET SEQ.* (FEHA)**

5              **(Against Defendant UNITED AIRLINES and DOES 1 through 50)**

6        93.   Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

7  forth herein.

8        94.   Plaintiff engaged in protected activity by complaining to Defendant UNITED

9  AIRLINES about ongoing unlawful discrimination and an unsafe work environment.

10       95.   On March 31st, 2019, Plaintiff complained in an email to United's Human Resources

11 Director that she was concerned about her safety during Whitaker's confrontation of her, that his

12 conduct constituted an unsafe and hostile work environment, and that she was being

13 discriminated against in light of the company's selective enforcement of company policy. On

14 April 9, 2019, Plaintiff's Supervisor informed Plaintiff and her union representative that United

15 Airlines wants her to "withdraw" her Human Resources complaint.  Plaintiff informed Ms. Ware

16 that she would not withdraw her HR complaint.

17       96.   On April 29, 2019, just five weeks after she complained to Human Resources of

18 discrimination and an unsafe work environment, United terminated Plaintiff.  Substantial

19 motivating factors in Plaintiff's termination were retaliatory animus for her protected complaints

20 of discrimination and an unsafe work environment, retaliatory animus due to Plaintiff's refusal to

21 withdraw her Human Resources complaint, Plaintiff's sex, and Plaintiff's race.

22       97.   Defendants' conduct, as alleged above, constituted unlawful retaliation in violation of

23 Government Code § 12940(h).

24       98.   As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff

25 has suffered actual, consequential and incidental financial losses, including without limitation,

26 loss of salary and benefits, and the intangible loss of employment related opportunities in her

27 field and damage to her professional reputation, all in an amount subject to proof at the time of

28

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

1  trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288

2  and/or any other provision of law providing for prejudgment interest.

3       99.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

4  has suffered and continues to suffer emotional distress, humiliation, mental anguish and

5  embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and

6  believes and thereupon alleges that she will continue to experience said physical and emotional

7  suffering for a period in the future not presently ascertainable, all in an amount subject to proof

8  at the time of trial.

9       100. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

10  has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected

11  to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to

12  recover attorneys' fees and costs under Government Code § 12965(b).

13       101. Defendants had in place policies and procedures that specifically prohibited and

14  required Defendants' managers, officers, and agents to prevent retaliation for engaging in

15  protected activity under the FEHA against and upon employees of Defendants.  Managers,

16  officers, and/or agents of Defendants were aware of Defendants' policies and procedures

17  requiring Defendants' managers, officers, and agents to prevent, and investigate retaliation based

18  on protected activity against and upon employees of Defendants.  However, Defendants chose to

19  consciously and willfully ignore said policies and procedures and therefore, Defendants'

20  outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for

21  the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff.  Each

22  Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the

23  wrongful conduct alleged above.  Plaintiff should, therefore, be awarded exemplary and punitive

24  damages against each Defendant in an amount to be established that is appropriate to punish each

25  Defendant and deter others from engaging in such conduct.

26       102. Plaintiff is informed and believes, and based thereon alleges that Defendants and their

27  managers, officers, and managing agents had a pattern and practice of wrongfully terminating

28  employees who engaged in protected activity under the FEHA. Plaintiff should, therefore, be

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA  91367
(818) 610-8800

21

COMPLAINT

1   awarded exemplary and punitive damages against each Defendant in an amount to be established

2   that is appropriate to punish each Defendant and deter others from engaging in such conduct.

3   ## SEVENTH CAUSE OF ACTION

4   ### WRONGFUL TERMINATION

5   ### IN VIOLATION OF GOVT. CODE §§ 12940 *ET SEQ.* (FEHA)

6   ### (Against Defendant UNITED AIRLINES and DOES 1 through 50)

7

8   103. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

9   forth herein.

10   104. At all times herein mentioned, Government Code § 12940, *et seq.* was in full force

11   and effect and was binding on Defendants and each of them, as Defendants regularly employed

12   five (5) or more persons. Plaintiff was at all times material hereto an employee covered by

13   Government Code § 12940(a) prohibiting discrimination in employment on the basis of their

14   known/perceived race, their or their sex/gender.

15   105. Defendants had in place policies and procedures that specifically prohibited

16   discrimination based on known/perceived race, and sex/gender and required Defendants'

17   managers, officers, and/or agents to prevent such discrimination against and upon employees of

18   Defendant. Managers, officers, and/or agents of Defendants were aware of Defendants' policies

19   and procedures prohibiting discrimination based on race or sex/gender and Defendants'

20   managers, officers, and/or agents were required to prevent such discrimination against and upon

21   employees of Defendants. Furthermore, Defendants' managers, officers, and/or agents

22   maintained broad discretionary powers regarding staffing, managing, hiring, firing, contracting,

23   supervising, assessing and establishing of corporate policy and practice in the Defendants'

24   facilities. However, Defendants chose to consciously and willfully ignore and refuse to employ

25   said policies and procedures with respect to the Plaintiff and therefore, their outrageous conduct

26   was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of

27   Plaintiff and the rights and duties owed by each Defendant to Plaintiff and other employees.

28   Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

1    the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and

2    punitive damages against each Defendant in an amount to be established that is appropriate to

3    punish each Defendant and deter others from engaging in such conduct.

4    106. Plaintiff is informed and believes, and based thereon alleges that Defendants and their

5    managers, officers, and managing agents had a pattern and practice of wrongfully terminating

6    employees on the basis of their race, sex/gender, and/or protected activity under the FEHA.

7    Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant

8    in an amount to be established that is appropriate to punish each Defendant and deter others from

9    engaging in such conduct.

10    ### EIGHTH CAUSE OF ACTION

11    ### WRONGFUL TERMINATION

12    ### IN VIOLATION OF GOVT. CODE §§ 12940 *ET SEQ.* (FEHA)

13    ### (Against Defendant UNITED AIRLINES and DOES 1 through 50)

14    107. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth at this

15    place.

16    108. At all times mentioned, the public policy of the State of California, as codified,

17    expressed and mandated in Government Code §§ 12940, *et seq.*, is to prohibit employers from

18    discriminating, harassing and retaliating against any individual on the basis of, but not limited to,

19    known/perceived race, sex/gender, or protected complaints of unlawful discrimination as

20    identified in California Government Code § 12940(a)-(o). This public policy of the State of

21    California is designed to protect all employees and to promote the welfare and well-being of the

22    community at large. Accordingly, the actions of Defendants, and each of them, in terminating

23    Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the

24    express public policy of the State of California, to wit, the policy set forth in Government Code

25    §§ 12940, *et seq.*, and the laws and regulations promulgated thereunder.

26    109. California Labor Code § 1102.5 prohibits an employer from retaliating against an

27    employee for disclosing information, or because the employer believes that the employee

28    disclosed or may disclose information, to a government or law enforcement agency, to a person

JML LAW
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610 8800

1  with authority over the employee or another employee who has the authority to investigate,

2  discover, or correct the violation or noncompliance, or for providing information to, or testifying

3  before, any public body conducting an investigation, hearing, or inquiry, if the employee has

4  reasonable cause to believe that the information discloses a violation of state or federal statute, or

5  a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of

6  whether disclosing the information is part of the employee's job duties. Accordingly, the actions

7  of Defendants, and each of them, in terminating Plaintiff on the grounds alleged and described

8  herein were wrongful and in contravention of the express public policy of the State of California,

9  to wit, the policy set forth in Labor Code § 1102.5, and the laws and regulations promulgated

10  thereunder.

11  110. Plaintiff has suffered actual, consequential and incidental financial losses, including

12  without limitation, loss of salary and benefits, and the intangible loss of employment related

13  opportunities in her field and damage to her professional reputation, all in an amount subject to

14  proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code §

15  3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

16  111. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

17  has suffered and continues to suffer emotional distress, humiliation, mental anguish and

18  embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and

19  believes and thereupon alleges that she will continue to experience said physical and emotional

20  suffering for a period in the future not presently ascertainable, all in an amount subject to proof

21  at the time of trial.

22  112. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

23  has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected

24  to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to

25  recover attorneys' fees and costs under California Government Code § 12965(b).

26  113. Plaintiff is informed and believes, and based thereon alleges that Defendants and their

27  managers, officers, and managing agents had a pattern and practice of wrongfully terminating

28  employees on the basis of their race, sex/gender, and/or protected activity under the FEHA.

JML LAW
A Professional Law Corporation
5455 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

1  Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant

2  in an amount to be established that is appropriate to punish each Defendant and deter others from

3  engaging in such conduct.

6  **WHEREFORE, Plaintiff prays for judgment as follows:**

7  1.  For general damages, according to proof;

8  2.  For special damages, according to proof;

9  3.  For loss of earnings, according to proof;

10  4.  For declaratory relief, according to proof;

11  5.  For injunctive relief, according to proof;

12  6.  For attorneys' fees, according to proof;

13  7.  For prejudgment interest, according to proof;

14  8.  For punitive and exemplary damages, according to proof;

15  9.  For costs of suit incurred herein;

16  10.  For all equitable relief recoverable pursuant to *Harris v. City of Santa Monica*

17  (2013) 56 Cal.4th 203; and

18  11.  For such other relief that the Court may deem just and proper.

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.

DATED:     March 2, 2020                    JML LAW, A Professional Law Corporation


By: _____

JOSEPH M. LOVRETOVICH

ERIC M. GRUZEN

CHRISTINA R. MANALO

Attorneys for Plaintiff

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Joseph M. Lovretovich; Eric M. Gruzen; Christina R. Manalo (73403; 222448, 297718)
JML LAW, APLC
5855 Topanga Canyon Boulevard, Suite 300
Woodland Hills, CA 91367
TELEPHONE NO: (818) 610-8800    FAX NO: (818) 610-3030
ATTORNEY FOR (Name): Plaintiff, Jeffri Bolton

| | |
|---|---|
| **FOR COURT USE ONLY** | |

ENDORSED
**F I L E D**
San Francisco County Superior Court

MAR 0 3 2020

CLERK OF THE COURT
By JACQUELINE LA PREVOTTE
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS: 400 McAllister St.
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civil

CASE NAME:
BOLTON v. UNITED AIRLINES, INC., ET AL.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CGC-20-583400 |
| | | JUDGE: |
| | | DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1  Check one box below for the case type that best describes this case.

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2.  This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3.  Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4.  Number of causes of action (specify): 8
5.  This case [ ] is [✓] is not   a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: 3/2/2020
Eric M. Gruzen, Christina R. Manalo
(TYPE OR PRINT NAME)         *Christina R. Manalo*
                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

CIVIL CASE COVER SHEET

CASE NUMBER: CGC-20-583408  JEFFRI BOLTON VS. UNITED AIRLINES, INC. A DELAWARI

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

> **DATE:**   **AUG-05-2020**
>
> **TIME:**   **10:30AM**
>
> **PLACE:**  **Department 610**
> **400 McAllister Street**
> **San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION, AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.

(SEE LOCAL RULE 4)

Plaintiff **must** serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

Superior Court Alternative Dispute Resolution Administrator
400 McAllister Street, Room 103-A
San Francisco, CA 94102
(415) 551-3869

See Local Rules 3.3, 8.0 C and 10 B re stipulation to judge pro tem.



# Superior Court of California, County of San Francisco
## Alternative Dispute Resolution
### Information Package



The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to trial.

## WHY CHOOSE ADR?

It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

**\*\*Electing to participate in an ADR process does not stop the time period to respond to a complaint or cross-complaint\*\***

## WHAT ARE THE ADR OPTIONS?

The San Francisco Superior Court offers different types of ADR processes for general civil matters. The programs are described below:

## 1) MANDATORY SETTLEMENT CONFERENCES

Settlement conferences are appropriate in any case where settlement is an option. The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the court and are often held near the date a case is set for trial, although they may be held earlier if appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF), in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending. Experienced professional mediators work with parties to arrive at a mutually agreeable solution. The mediators provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. BASF staff handles conflict checks and full case management. The success rate for the program is 67% and the satisfaction rate is 99%. BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

(B) JUDICIAL MEDIATION PROGRAM provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

(C) PRIVATE MEDIATION: Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

(D) COMMUNITY BOARDS MEDIATION SERVICES: Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

### 3) ARBITRATION

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

#### (A) JUDICIAL ARBITRATION

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.1 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

#### (B) PRIVATE ARBITRATION

Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

For more information about ADR programs or dispute resolution alternatives, contact:

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
415-551-3869
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address) | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO:

ATTORNEY FOR (Name):

SUP. OF COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
400 McAllister
San Francisco, CA 94102-4514

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: _____ |
|---|---|
| | DEPARTMENT 610 |

1) **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐ **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐ **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days ☐ 90-120 days ☐ Other (please specify) _____

☐ **Other ADR process (describe)** _____

2) The parties agree that the ADR Process shall be completed by (date): _____
3) Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

| | |
|---|---|
| Name of Party Stipulating | Name of Party Stipulating |
| Name of Party or Attorney Executing Stipulation | Name of Party or Attorney Executing Stipulation |
| Signature of Party or Attorney | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: | Dated: |

☐ *Additional signature(s) attached*

ADR-2 10/18 **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

Michele Haydel Gehrke (SBN 215647)
Email:     mgehrke@reedsmith.com
Garrett C. Parks (SBN 297971)
Email:     gparks@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendants
UNITED AIRLINES, INC. &
DEAN WHITTAKER

SUPERIOR COURT FOR THE STATE OF

CALIFORNIA AND FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| JEFFRI BOLTON, an individual,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>UNITED AIRLINES, INC., a Delaware corporation; DEAN WHITAKER, an individual; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No.: CGC-20-583400<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants United Airlines, Inc. ("United") and Dean Whittaker ("Whittaker") (together, "Defendants"), respond to the Complaint filed by Plaintiff Jeffri Bolton ("Plaintiff") as follows:

**<u>GENERAL DENIAL</u>**

Pursuant to the provisions of Section 431.30 of the California Code of Civil Procedure, Defendants deny, both generally and specifically, each and every allegation, matter or fact contained in the Complaint and the whole thereof, and further specifically deny that Plaintiff has been injured or damaged in any sum whatsoever or is entitled to any relief in any form, whether legal or equitable, from Defendants.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**AFFIRMATIVE DEFENSES**

Defendants assert the following affirmative and other defenses without assuming any burdens of production or proof that, pursuant to law, belong to Plaintiff.  Defendants reserve the right to amend this Answer to assert any additional defenses and affirmative defenses as may become available or apparent during the course of this litigation.

**FIRST SEPARATE DEFENSE**

**(Failure to State a Claim)**

The Complaint, and each cause of action pleaded, fails to state facts sufficient to constitute a claim upon which any relief may be granted.

**SECOND SEPARATE DEFENSE**

**(Statute of Limitations)**

One or more of Plaintiff's causes of action are barred in whole or in part by the applicable statutes of limitations, including, but not limited to, California Government Code §§ 12960 and 12965 and California Code of Civil Procedure §§ 335.1, 337, 338, 339.1, 229, 340, and 343.

**THIRD SEPARATE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

One or more of Plaintiff's causes of action are barred in whole or in part to the extent Plaintiff failed to exhaust administrative remedies and statutory prerequisites in a complete and timely manner under applicable law including, but not limited to, the California Fair Employment and Housing Act (Government Code §12940 *et seq.*).

**FOURTH SEPARATE DEFENSE**

**(Exceeds Scope of Administrative Charge)**

To the extent Plaintiff filed an administrative charge with any federal or state agency, including, but not limited to, the California Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission, Plaintiff's causes of action are barred in whole or in part to the extent they exceed the scope of the charge(s).

**FIFTH SEPARATE DEFENSE**

**(After-Acquired Evidence)**

Plaintiff's causes of action are barred or mitigated in whole or in part to the extent Defendants discover evidence after-the-fact that amounts to independent grounds to subject Plaintiff to any adverse employment action.

**SIXTH SEPARATE DEFENSE**

**(Waiver)**

Plaintiff's causes of action are barred in whole or in part by the doctrine of waiver.

**SEVENTH SEPARATE DEFENSE**

**(Laches)**

Plaintiff's causes of action are barred in whole or in part by the doctrine of laches.

**EIGHTH SEPARATE DEFENSE**

**(Unclean Hands)**

Plaintiff's causes of action are barred in whole or in part to the extent Plaintiff is guilty of unclean hands.

**NINTH SEPARATE DEFENSE**

**(Estoppel)**

Plaintiff's causes of action are barred in whole or in part by Plaintiff's own improper conduct, acts or omissions and, therefore, she is equitably estopped from recovering on any of her claims for relief.

**TENTH SEPARATE DEFENSE**

**(No Injury)**

Plaintiff's causes of action are barred in whole or in part to the extent Plaintiff sustained no injury or damages as a proximate result of any act by or attributable to Defendants.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**ELEVENTH SEPARATE DEFENSE**

**(Failure to Mitigate)**

Plaintiff is not entitled to back pay and/or other damages to the extent she failed to seek and obtain other employment or otherwise failed to mitigate her alleged loss of wages and/or other damages.

**TWELFTH SEPARATE DEFENSE**

**(Privilege or Justification)**

Plaintiff's causes of action are barred to the extent any actions and/or omissions attributable to Defendants were at all times privileged or justified.

**THIRTEENTH SEPARATE DEFENSE**

**(Legitimate Business Reasons)**

Plaintiff's causes of action are barred to the extent that any and all conduct Plaintiff complains of or that is attributable to Defendants was undertaken for legitimate, non-discriminatory, non-retaliatory business reasons.

**FOURTEENTH SEPARATE DEFENSE**

**(Management Discretion)**

Plaintiff's causes of action are barred to the extent that the conduct Plaintiff complains or that is attributable to Defendants was a just and proper exercise of management discretion undertaken for a fair and honest reason.

**FIFTEENTH SEPARATE DEFENSE**

**(Good Faith)**

Plaintiff's causes of action are barred to the extent that the conduct Plaintiff complains of that is attributable to Defendants was undertaken in good faith and without malice, was a lawful exercise

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

of sound discretion of Defendants' legal rights, and was based on a rational, reasonable consideration of the facts.

**SIXTEENTH SEPARATE DEFENSE**

**(No Punitive Damages)**

Plaintiff is not entitled to recover any punitive, double or exemplary damages, and any such allegations should be stricken to the extent Plaintiff failed to plead and cannot prove facts sufficient to support allegations of oppression, fraud and/or malice by an officer, director, or managing agent pursuant to California Civil Code § 3294.

**SEVENTEENTH SEPARATE DEFENSE**

**(Unconstitutionality of Punitive Damages)**

Plaintiff's punitive damage claims are barred and should be stricken to the extent they are unconstitutional under the California and United States Constitutions.

**EIGHTEENTH SEPARATE DEFENSE**

**(Conduct of Plaintiff)**

Plaintiff's causes of action are barred because Plaintiff's conduct concerning the matters alleged in the Complaint constitute carelessness, negligence, misconduct, or bad faith, or the Plaintiff was otherwise at fault and any resulting injuries sustained by Plaintiff were proximately caused by the conduct of Plaintiff.

**NINETEENTH SEPARATE DEFENSE**

**(Setoff)**

Without conceding Plaintiff is owed any amount, and as to all of Plaintiff's causes of action, Defendants allege they are entitled to offset against any judgment that may be entered against them all amounts previously paid to Plaintiff in worker's compensation, disability, or any other benefits.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

**TWENTIETH SEPARATE DEFENSE**

**(Spoliation)**

To the extent Plaintiff and/or her agents failed to preserve and/or permitted the spoliation of material evidence, such conduct bars Plaintiff from recovering from Defendants and/or makes Plaintiff liable for damages to Defendants.

**TWENTY-FIRST SEPARATE DEFENSE**

**(Conduct of Others)**

Without conceding Plaintiff is owed any amount, and as to all of Plaintiff's causes of action, Defendants allege they are entitled to offset any judgment that may be entered against them to the extent that other third parties' fault caused or contributed to Plaintiff's damages, if any.

**TWENTY-SECOND SEPARATE DEFENSE**

**(Intentional Acts of Others)**

Without conceding Plaintiff is owed any amount, and as to one or more of Plaintiff's causes of action, Defendants allege that the sole and/or proximate cause of the damages claimed by Plaintiff was due to willful and intentional acts of persons and/or entities other than Defendants.

**TWENTY-THIRD SEPARATE DEFENSE**

**(Worker's Compensation Exclusivity)**

One or more of Plaintiff's causes of action may be barred because Plaintiff's exclusive remedy for such damages is governed by the California Worker's Compensation statutes. Cal. Labor Code §3200 *et seq.*

**TWENTY-FOURTH SEPARATE DEFENSE**

**(CBA Preemption)**

One or more of Plaintiff's causes of action may be barred in whole or in part by the doctrine of preemption because of Plaintiff's collective bargaining agreement and its incorporated policies.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TWENTY-FIFTH SEPARATE DEFENSE**

**(Failure to Exhaust Contractual Remedies)**

One or more of Plaintiff's causes of action are barred in whole or in part to the extent Plaintiff failed to exhaust the remedies set forth in her collective bargaining agreement because she did not file or fully pursue a grievance with her union.

**TWENTY-SIXTH SEPARATE DEFENSE**

**(RLA Preemption)**

One or more of Plaintiff's causes of action may be barred in whole or in part by preemption under the Railway Labor Act, 45 U.S.C. § 151 *et seq.*

**TWENTY-SEVENTH SEPARATE DEFENSE**

**(ADA Preemption)**

One or more of Plaintiff's causes of action may be barred in whole or in part by preemption under the Airline Deregulation Act, 49 U.S.C. § 41713 *et seq.*

**TWENTY-EIGHTH SEPARATE DEFENSE**

**(Avoidable Consequences *McGinnis*)**

One or more of Plaintiff's claims for relief is subject to the doctrine of avoidable consequences because United exercised reasonable care to prevent and correct any alleged discrimination or retaliation and Plaintiff unreasonably failed to use United's preventative or corrective measures.

**TWENTY-NINTH SEPARATE DEFENSE**

**(No Protected Activity)**

Plaintiff's retaliation claim fails as she fails to allege facts sufficient to find that she engaged in protected activity.

## THIRTIETH SEPARATE DEFENSE

### (No Whistleblower Retaliation)

Plaintiff's retaliation claim is barred because she fails to allege facts sufficient to support a claim for whistleblower retaliation under California Labor Code sections 1102.5 and 6310.

## ADDITIONAL DEFENSES

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether there may be additional defenses so they reserve the right to assert additional defenses if discovery indicates that additional defenses are appropriate.

## PRAYER

WHEREFORE, Defendants pray for relief as follows:

1.      Plaintiff takes nothing and the Complaint is dismissed with prejudice;

2.      Judgment for Defendants and against Plaintiff on all causes of action;

3.      For costs and reasonable attorneys' fees incurred to defend this action; and

4.      For such other and further relief as this Court deems proper.

DATED:  April 13, 2020

REED SMITH LLP

By: *Michele Haydel Gehrke*
Michele Haydel Gehrke
Garrett C. Parks
Attorneys for Defendant United Airlines, Inc. &
Dean Whittaker

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 8 –

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is REED SMITH LLP, 101 Second Street, Suite 1800, San Francisco, CA 94105-3659.  On April 13, 2020, I served the following document(s) by the method indicated below:

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

☐ by transmitting via email to the parties at the email addresses listed below:

☑ by and through the FILE&SERVE XPRESS Filing Systems to the email address(es) below:

Joseph M. Lovretovich
Eric M. Gruzen
Christina R. Manalo
JML LAW, APC
585 Topanga Canyon Boulevard
Suite 300
Woodland Hils, CA 91367
Telephone: 818-610-8800
Fax Number: 818-610-3030
Email: jml@jmllaw.com; egruzen@jmllaw.com; christina@jmllaw.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on April 13, 2020, at San Francisco, California.

_Karen Ellis_
_____
Karen Ellis